**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-10521
Summary Calendar
_____


ROBERT E. WOOLLEY;
MINNESOTA HOTEL COMPANY, INC.,
formerly known as Robert E. Woolley, Inc.,

                                    Plaintiffs - Appellees,


versus


CLIFFORD CHANCE ROGERS & WELLS, L.L.P.;
ROGERS & WELLS, L.L.P.,

                                    Defendants – Appellants.


_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 3:01-CV-2185-D)
_____

October 16, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:*

    Defendant-Appellant Clifford, Chance, Rogers & Wells, L.L.P.
appeals the district court's refusal to stay proceedings pending
arbitration of Plaintiff Robert E. Woolley's suit against it.
Finding no error, we affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This matter arises from a dispute between Woolley and his former law firm, Clifford Chance. Woolley hired the firm to defend him in several class-action securities-related suits in California. Woolley ultimately decided to settle those suits, but claims he did not want to do so in a way that would expose him to personal liability. Clifford Chance drafted the settlement papers and Woolley executed them. Thereafter, the class plaintiffs brought suit against Woolley in his personal capacity, claiming that he had breached the terms of the settlement agreement by not buying out the plaintiff investors. Woolley later settled this suit, too, but argues that it was Clifford Chance's negligence in drafting the settlement papers (and the concomitant personal liability) that forced him to do so.

Woolley brought a Texas state-court malpractice action against Clifford Chance, which the firm removed to federal district court in accordance with that court's diversity jurisdiction. The firm then moved to stay all proceedings pending arbitration of the dispute pursuant to the arbitration provision contained in the attorney-client agreement between it and Woolley. The district court, in a succinct but carefully reasoned opinion, concluded that Woolley's malpractice action lied outside the scope of the arbitration provision. Clifford Chance appeals.

We review the district court's construction of an

-2-

arbitration agreement de novo.  *See Neal v. Hardee's Food Sys.,
Inc.*, 918 F.2d 34, 37 (5th Cir. 1990).  In determining whether an
arbitration provision encompasses a particular dispute, we apply
the usual state-law rules of contract interpretation, *see OPE
Int'l, L.P. v. Chet Morrison Contractors, Inc.*, 258 F.3d 443,
445-46 (5th Cir. 2001), keeping in mind the strong federal
preference for arbitration, *see Personal Security & Safety Sys.,
Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002).

Looking at the arbitration provision in this case, we
conclude that it was meant to include attorney's fees disputes,
not malpractice actions like this one.  The first sentence of the
provision reads: "We seldom have disagreements with our clients
concerning fees, but some occasionally do occur."  What then
follows is an explanation how any arbitration between Clifford
Chance and its client would take place.  Specifically, it
provides that arbitration shall be conducted by the Los Angeles
County Bar Association, pursuant to § 6200 of the California
Business and Profession Code, which is entitled "Arbitration of
Attorney's Fees."  Clifford Chance focuses on the fourth sentence
of the provision, which says, in part, "you and we agree that *any
dispute* under this representation agreement . . . shall be
submitted to binding arbitration . . . ." (emphasis added).  One
of the fundamental tenets of contract interpretation is that
contracts should be read as a whole, viewing particular language

-3-

in the context in which it appears.  *See* RESTATEMENT (SECOND) OF CONTRACTS § 202 (1981).  Doing this, we agree with the district court that the term "any dispute" refers back to questions arising from attorney's fees.

We discern no ambiguity in the instant arbitration agreement.  The district court's refusal to stay proceedings is AFFIRMED.