THOMAS F. DALEY, Judge.
The defendant has appealed the district court judgment making a foreign judgment executory. For the reasons that follow, we affirm.
FACTS:
The defendant, Favalora Constructors, Inc. (Favalora), a Louisiana corporation, (hereinafter referred to as Favalora), was hired by the State of Louisiana to perform renovations on the Louisiana Supreme Court Building in New Orleans. On September 22, 1999, Favalora entered into a purchase order with Historical Arts and Casting, Inc., (hereinafter referred to as Historical Arts), to provide a cast iron fabricated aluminum marquee for the building. The purchase order provided that the material would be received within 18 weeks of the initial receipt of the approved drawing, however, the material was not received until several months later. The entire work performed by Favalora was not completed timely and the State withheld payment of $268,000.00 from Fa-valora for liquidated damages. Favalora paid Historical Arts a portion of the sum due, but withheld $41,395.00 claiming that Historical Arts was responsible for its pro *223 rata share of liquidated damages in the amount of $95,200.00.
Historical Arts filed an arbitration proceeding in its home State of Utah seeking to enforce the arbitration provision in the purchase order. Favalora objected to the arbitration proceeding and sought judicial relief in Utah to stay the arbitration proceeding. The Utah court denied Favalo-ra’s pleas for stay and the matter proceeded to arbitration. The arbitrator ruled in favor of Historical Arts in the amount of $41,369.00, plus interest in the amount of $7,865.24 and attorney’s fees in the amount of $5,480.00. The Third Judicial District Court in Salt Lake County, Utah adopted the arbitration award as the judgment of the Court. Historical Arts then filed a petition in the 24th Judicial District for the Parish of Jefferson seeking to make the judgment executory. Following a hearing, the court granted Historical Arts petition and awarded an additional $9,506.00 in attorney’s fees. The instant appeal was filed following the denial of Favalora’s Motion for New Trial.
LAW AND ARGUMENT:
On appeal, Favalora argues that the trial court erred in making the Utah judgment executory while ignoring the compelling public policy language in R.S. 9:2778. This statute provides:
A. The legislature finds that with respect to public contracts involving the state or a political subdivision of the state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.
B. The legislature hereby declares null, void, unenforceable, and against public policy, any provision in a contract, subcontract, or purchase order, as described in Subsection A, which either:
(1) Requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state.
(2) Requires interpretation of the agreement according to the laws of another jurisdiction.
C.The provisions of this Section shall apply to public contracts, as described in this Section, entered into on or after June 30,1992.
Plaintiff argues that R.S. 9:2778 applies to the case at bar. Our interpretation of this statute is that it applies only to contracts directly between the State or a political subdivision and the contractor or subcontractor. We find that the language in subsection B referring to purchase orders is limited by the language in subsection A stating “with respect to public contracts involving the state or a political subdivision.” For this reasons, we find that R.S. 9:2778 is not applicable to this case. R.S. 9:2778 applies to contracts between the State or a political subdivision and a contractor; in the case at bar we have a contract between a contractor and a subcontractor or supplier. An exhaustive search reveals that there are no Louisiana State Court cases interpreting R.S. 9:2778.
Historical Arts contends that R.S. 9:2779 applies to subcontracts and purchase orders for public and private work projects. R.S. 9:2779, provides:
A. The legislature finds that, with respect to construction contracts, subcontracts, and purchase orders for public and private works projects, when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construe *224 tion projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.
B. The legislature hereby declares null and void and unenforceable as against public policy any provision in a contract, subcontract, or purchase order, as described in Subsection A, which either:
(1) Requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state; rather, such actions or proceedings may be pursued in accordance with the Louisiana Code of Civil Procedure or other laws of this state governing similar actions.
[[Image here]]
We have not found any Louisiana State Court cases interpreting this statute, however, this statute was interpreted by the Federal Fifth Circuit in OPE International LP v. Chet Morrison Contractors, Inc., 258 F.3d 443, (5th Cir.2001). In OPE the subcontractor, Morrison, a Louisiana corporation, entered into an agreement with the contractor to fabricate a deck structure for the contractor. The agreement between the parties provided that in the event of a dispute, the parties agreed to submit to arbitration in Texas and to resolve their dispute under Texas law. When a disagreement arose, OPE sought arbitration. Arbitration proceedings began, but were then stopped. Morrison refused to resume arbitration proceedings and instead filed suit in a Louisiana State Court seeking to declare the contract’s arbitration clause and choice of law provisions void because they violated public policy. OPE filed proceedings in Federal Court in the Southern District of Texas to compel arbitration. The Federal District Court ordered Morrison to submit to arbitration in Texas and ordered the pending Louisiana suit be stayed. In affirming the Federal District Court, the Federal Fifth Circuit stated that the Federal Arbitration Act preempts R.S. 9:2779. In so holding, the Court stated: “The FAA declares written provisions for arbitration ‘valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.’ ” Id. at 446. The Court found that in enacting the FAA, the legislature “declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum from the resolution of claims which the contracting parties agreed to resolve by arbitration.” Id.
The United States Constitution Article IV Section 1 provides that full faith and credit shall be given in each state to the judicial proceedings of every other state. Only when it is shown that the court that rendered the judgment lacked jurisdiction over that party or the subject matter may a state deny full faith and credit to a judgment rendered by a court in another state. WellTech, Inc. v. Abadie, 95-620 (La.App. 5 Cir. 1/17/96, 666 So.2d 1234). Although, Favalora argues the Utah court lacked personal jurisdiction over Favalora, we find that argument to be without merit. Favalora consented to the jurisdiction of the Utah court when it made a general appearance in the Utah court seeking to stop the arbitration proceedings.
In the instant case, Favalora, a Louisiana contractor, entered into a contract with a foreign supplier, Historical Arts, to provide material for a public works project. In so contracting, the par *225 ties agreed to binding arbitration and that Salt Lake City, Utah would be the exclusive venue for any disputes. Favalora was unsuccessful in having the arbitration clause declared invalid in the Utah court. The matter proceeded to arbitration and as per the arbitration agreement, the arbitrator’s ruling was made the judgment of the court. Favalora was represented by an attorney and participated in the arbitration proceeding. Favalora’s defenses were presented to the Utah court and presumably to the arbitrator. Favalora subjected itself to the jurisdiction of the Utah court. Favalora did not appeal the judgment of the Utah court. The full faith and credit clause of the United States Constitution mandates that we recognize the judgment of the Utah court, thus, we see no error in the trial court ruling making the Utah judgment executory in Louisiana.[1]
Historical Arts has answered the appeal requesting attorney’s fees for appellate work. Our review of the record indicates that Historical Arts has been awarded $14,986.00 in attorney’s fees. We find that this award is adequate reasonable compensation for all the legal services provided in this matter, including the services performed on this appeal. Therefore, we decline to award additional attorney’s fees.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Additionally, Favalora argues that it never agreed to arbitration because the reference to the arbitration language was added to the purchase order. Because this argument was not raised in the trial court, it will not be addressed on appeal. See Uniform Rules for the Courts of Appeal Rule 1-3.