United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20719
Summary Calendar
_____

NICHOLAS D. BROOKS,

Plaintiff-Appellant,

versus

CINTAS CORPORATION

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2736
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Nicholas Brooks appeals from two district court orders. The first stayed and administratively closed his employment discrimination case against Cintas Corporation pending arbitration, and the second denied his motion to reconsider the arbitrator's award of no damages.

Cintas hired Brooks in 1995. On August 19, 1999, in connection with a promotion, Brooks signed an employment

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement with Cintas that compelled, in the event of an employment dispute, a good faith attempt at resolution by conference followed by binding arbitration. Brooks was promoted in March, 2001 to Service Sales Representative (SSR). As an SSR, Brooks delivered bathroom supplies and floor mats to Cintas customers. Cintas management discovered in June that Brooks charged one of Cintas's customers for goods and services he did not deliver and that he regularly obtained invoice signatures from unauthorized customer representatives or even signed invoices himself. Brooks demonstrated that these were common practices of Cintas SSRs, who often were sent to customers with insufficient supplies, were not given enough time to perform all requested services, and worked at hours when authorized representatives were often unavailable.

Several days after Cintas's discovery of Brooks's poor performance and unauthorized signatures, Brooks complained to Cintas management that he was due a commission that had been given to a white employee. Two days later, Cintas fired Brooks. Brooks was replaced by an African-American man.

Brooks filed a race-discrimination complaint with the Equal Employment Opportunity Commission. The EEOC invited Brooks and Cintas to participate in an EEOC-sponsored mediation, but Cintas declined. Brooks filed suit in the district court, alleging that Cintas discriminated against him based on race and retaliated against him for demanding a commission in violation of Title VII

of the Civil Rights Act of 1964. The district court stayed the case pending arbitration and administratively closed the case. At arbitration, several former and current Cintas employees testified that Cintas supervisors told racial jokes. One witness testified that Brooks's supervisor was a racist and made racist jokes.

After a two-day hearing, the arbitrator determined that "Brooks was fired because of poor service and improper invoicing procedures. Cintas's decision to fire him, and not to fire other employees, appears to have been a purely business decision, devoid of racial undertones or motivation." The court denied Brooks's motion to open the administratively closed case.

We have jurisdiction, as the district court ordered arbitration, closed the case, and denied the motion to review the arbitration award. *See American Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 707-08 (5th Cir. 2002) (holding that where a district court compels arbitration, stays proceedings, and closes a case or where it decides the merits and retains jurisdiction only to enforce an arbitration award, the order is a final, appealable judgment).

Review of the decision to compel arbitration is *de novo*. *Catholic Diocese of Brownsville v. A.G. Edwards & Sons, Inc.*, 919 F.2d 1054, 1056 (5th Cir. 1990). Review of the decision to vacate or confirm an arbitration award is also *de novo*. *Prestige*

*Ford v. Ford Dealer Computer Svcs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003).

To decide whether to compel arbitration, a district court must first determine if the parties agreed to arbitrate the dispute in question. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001). Next a court must examine "whether legal constraints external to the parties' agreement foreclose[] the arbitration of those claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Brooks concedes on appeal that he agreed to arbitrate the dispute in question. He argues, though, that Cintas's refusal to confer with him or mediate the dispute constituted a waiver of the arbitration provision. Cintas's alleged refusal would have been a breach of the employment agreement, which should have been presented to the arbitrator even if it amounted to waiver. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability"). Furthermore, Cintas's breach would not have been a "legal constraint[] external to the parties' agreement," so it would not have barred arbitration. The district court did not err in compelling arbitration.

Brooks argues the arbitrator was biased because he did not consider evidence that would have supported Brooks's claims. Review of an arbitration award is "extraordinarily narrow." *Gateway Tech.s, Inc. v. MCI Telecomm.s Corp.*, 64 F.3d 993, 996 (5th Cir. 1995). A court may vacate an award if there is evidence of partiality or corruption by the arbitrator. 9 U.S.C. § 10(a)(2). A court may not reverse based solely on legal or factual error.[1] *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). Arbitrators must give each party an adequate opportunity to present evidence and arguments, but they need not hear all of the evidence tendered by the parties. *Prestige Ford*, 324 F.3d at 395. Here the arbitrator heard Brooks's evidence and mentioned it in his recitation of facts. His decision not to credit that evidence is not reviewable. Brooks has not shown partiality or corruption. The district court did not err in denying Brooks's motion to reopen the case to reconsider the arbitration award.

AFFIRMED.

---

[1]The only other grounds on which a district court may vacate an arbitrator's award are the following: the award was procured by corruption, fraud, or undue means; the arbitrator was guilty of misconduct; the arbitrator exceeded his powers; or the arbitrator acted with manifest disregard for the law. *See id.; Harris v. Parker College of Chiropractic,* 286 F.3d 790, 792 (5th Cir. 2002).