LaSALLE GROUP, INC.,
Appellant–Plaintiff,

v.

ELECTROMATION OF DELAWARE
COUNTY, INC., Appellee–
Defendant.

No. 18A02–0705–CV–397.

Court of Appeals of Indiana.

Feb. 8, 2008.

Thomas L. David, Maggie L. Smith, Daniel P. King, Locke Reynolds LLP, Indianapolis, IN, Attorneys for Appellant.

Mark L. Abrell, David J. Karnes, Dennis, Wenger & Abrell, P.C., Muncie, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

LaSalle Group appeals an order finding its arbitration agreement with a subcontractor was void and accordingly denying its motion to enforce the agreement. As the Indiana statute on which the trial court relied is preempted by federal law, we reverse.

### FACTS AND PROCEDURAL HISTORY

LaSalle Group was the general contractor for the construction of a Wal–Mart in Muncie. Electromation was a subcontractor. Electromation sued LaSalle, alleging LaSalle breached the subcontractor agreement. The agreement provides LaSalle has sole discretion to decide whether a dispute will be resolved by litigation or arbitration, and provides the venue for ar-

bitration is Southfield, Michigan. Arbitration under the agreement "shall be governed by Title 89, United States Code." (App. at 25.)

■ Electromation brought its complaint in the Delaware Circuit Court. LaSalle sought to remove it to federal court based on diversity of the parties, but then moved to remand the case to the Delaware Circuit Court. After the remand, LaSalle moved to stay litigation and enforce the arbitration provision.[1] The trial court denied the motion on the ground the arbitration provision was void pursuant to Ind. Code § 32–28–3–17.

### DISCUSSION AND DECISION

■ We review *de novo* the denial of a motion to compel arbitration. *Norwood Promotional Prods., Inc. v. Roller*, 867 N.E.2d 619, 623 (Ind.Ct.App.2007), *trans. denied*. Indiana and federal law recognize a strong policy favoring enforcement of arbitration agreements. *Id.* The Federal Arbitration Act reflects congressional intent to "foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). As Ind.Code § 32–28–3–17 presents an obstacle to that congressional intent, it is preempted by the Federal Arbitration Act.

Ind.Code § 32–28–3–17 states:
A provision in a contract for the improvement of real estate in Indiana is void if the provision:
(1) makes the contract subject to the laws of another state; or
(2) requires litigation, arbitration, or other dispute resolution process on the contract occur in another state.

1. Electromation argued below that LaSalle waived its right to arbitration when it sought to remove the case to federal court. The trial court's order did not address that argument, and Electromation does not pursue it on appeal. A party does not waive its right to invoke an arbitration clause solely by invoking its statutory right to federal jurisdiction. *E.g., Baker v. Securitas Security Servs. USA, Inc.*, 432 F.Supp.2d 120, 126 (D.Me.2006).

The agreement before us explicitly requires arbitration take place in Michigan, and the trial court accordingly found the dispute resolution provision of the agreement void.

Any state law, "however clearly within a State's acknowledged power, which interferes with or is contrary to federal law, must yield." *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 108, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992) (citations and internal quotation marks omitted). Even state regulation designed to protect vital state interests must give way to paramount federal legislation. *Id.*

The Federal Arbitration Act applies to written arbitration provisions in contracts involving interstate commerce. *MPACT Const. Group, LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 904 (Ind.2004). The Act contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration. *Id.* at 905. But state law may be pre-empted to the extent it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (*quoting Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)). Preemption has been found where state statutes "explicitly made certain arbitration clauses unenforceable or placed serious burdens on the enforceability of arbitration provisions." *Id.* at 905.

States may regulate contracts, including arbitration clauses, under general contract law principles, and they may invalidate an arbitration clause "upon such grounds as exist at law or in equity for the revocation of *any* contract." *Allied–Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 281, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (quoting 9 U.S.C. § 2) (emphasis added by the Supreme Court).

What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce its arbitration clause. The Act makes any such state policy unlawful, for that kind of policy would place arbitration clauses on an unequal "footing," directly contrary to the Act's language and Congress' intent. *Id.*

Nothing in the Federal Arbitration Act indicates the broad principle of enforceability of arbitration agreements "is subject to any additional limitations under State law." *Southland Corp.*, 465 U.S. at 11, 104 S.Ct. 852. Thus, in *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996), the Supreme Court found preempted a Montana law that declared an arbitration clause unenforceable unless notice that the contract was subject to arbitration was typed in underlined capital letters on the first page of the contract. The notice requirement, "which governs not 'any contract,' but specifically and solely contracts 'subject to arbitration,' conflicts with the Federal Arbitration Act and is therefore displaced by the federal measure." *Id.* at 683, 116 S.Ct. 1652. The Court noted a state-law principle that "takes its meaning precisely from the fact that a contract to arbitrate is at issue" does not comport with the Federal Arbitration Act. *Id.* at 685, 116 S.Ct. 1652. (citation omitted).

Those courts that have considered statutes that purport to limit arbitration provisions in the manner the Indiana statute does have consistently determined the state statutes are preempted by the Federal Arbitration Act. For example, in *KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42 (1st Cir.1999), a franchise agreement provided arbitration would be conducted in Chicago. The trial court found that provi-

sion invalid because § 19–28.1–14 of the Rhode Island Franchise Investment Act rendered unenforceable a "provision in a franchise agreement restricting jurisdiction or venue to a forum outside [Rhode Island] ... with respect to a claim otherwise enforceable under this Act." *Id.* at 49. The Circuit Court found the statute preempted by the Federal Arbitration Act.

 Under the Federal Arbitration Act, a court must order the parties to arbitrate in accordance with the terms of the agreement; one such term is the parties' forum selection clause. *Id.* at 50. A statute purporting to override that term is preempted by the Federal Arbitration Act if the Act applies to the agreement:

> "[S]tate law, whether of legislative or judicial origin, is applicable [in the sense that it would affect the validity of an arbitration agreement, only] *if* that law arose to govern issues concerning the validity, revocability and enforceability of contracts generally." *Only* "generally applicable contract defenses, such as fraud, duress or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 [of the Federal Arbitration Act]."

Here, the Rhode Island statute states that: "A provision in a franchise agreement restricting jurisdiction or venue to a forum outside this state ... is void with respect to a claim otherwise enforceable under this act." Because this proscription limits the statute's application to one type of provision, venue clauses, in one type of agreement, fran-

chise agreements, the statute does not apply to *any* contract. Writ simple, because § 19–28.1–14 is not a generally applicable contract defense, it is, if applied to arbitration agreements, preempted by § 2 of the Federal Arbitration Act.

*Id.* at 50–51 (citations omitted).

The Indiana Code provision before us is preempted for the same reasons. The statute does not apply to "any" contract, but only to dispute resolution forum selection clauses in "a contract for the improvement of real estate in Indiana." Ind.Code § 32–28–3–17(2). As such, it presents an obstacle to the congressional intent to "foreclose state legislative attempts to undercut the enforceability of arbitration agreements." *Southland Corp.*, 465 U.S. at 16, 104 S.Ct. 852. *And see OPE Intern. LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 447 (5th Cir.2001) (Louisiana statute directly conflicted with § 2 of the Federal Arbitration Act because it "conditioned the enforceability of arbitration agreements on selection of a Louisiana forum; a requirement not applicable to contracts generally.")[2]

We must accordingly reverse the denial of LaSalle's motion to enforce the arbitration agreement.

Reversed.

DARDEN, J., and CRONE, J., concur.

---

2. Electromation argues the dispute resolution provision of its agreement with LaSalle is void because it requires *litigation* be commenced in Michigan if a dispute is to be resolved in that manner. This appeal is from the denial of LaSalle's motion to enforce the parties' *arbitration* agreement. As the litigation provisions of the agreement are not before us, we decline to find the agreement void on that ground.

Electromation also argues if the Federal Arbitration Act preempts the arbitration provision of Ind.Code § 32–28–3–17, we should "strike only the venue portions of Section 13 and leave the remaining sentences intact." (Appellee's Br. at 12.) As we find the arbitration provision of section 32–28–3–17 is preempted, all of the arbitration provision remains intact, and there is nothing for us to "strike."