# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2011

No. 11-10310
Summary Calendar

Lyle W. Cayce
Clerk

JOHN AMESER,

Plaintiff–Appellant

v.

NORDSTROM, INC.,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 3:09-CV-395

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Ameser ("Ameser") appeals the district court's denial of his motion to vacate an arbitration award in favor of his former employer, Nordstrom, Inc. ("Nordstrom"). We AFFIRM.

## FACTS AND PROCEEDINGS

Ameser was employed by Nordstrom, a department store chain, as a full time salesperson in the Woman's Shoe Department of its Frisco, Texas location,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

where he worked for over three years before being fired on July 23, 2007. Ameser claims that he was fired in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* (the "FMLA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq* (the "ADA"), Title VII, and 42 U.S.C. § 1981. Pursuant to Nordstrom's pre-employment agreement and its dispute resolution policy, all claims were subject to arbitration before the American Arbitration Association (the "AAA"). Ameser filed a Statement of Claim with the AAA on October 22, 2007.

The AAA submitted a list of potential arbitrators to the parties. Nordstrom objected to all arbitrators on the list since they were not from the jurisdiction and were less likely to be experienced with the laws and precedents that would decide the case. Instead, Nordstrom suggested, and Ameser agreed, that Melva Harmon should serve as the arbitrator. In a follow-up correspondence well before the arbitration hearing, Nordstrom indicated to Ameser's counsel that it had arbitrated one prior case before Harmon, a fact that was not included on Harmon's AAA disclosure form at the time of initial appointment. Ameser submitted a list of follow-up questions regarding this prior arbitration and "reserved his rights to object to Harmon's appointment pending receipt of that information." From the record, it appears that this information was never formally provided by the AAA, nor did Ameser renew his request for this information. Over nine months later, Harmon conducted the abritration hearing. Following the September 2008 hearing, Harmon issued an "Award in the form of Findings of Fact and Conclusions of Law" ruling in favor of Nordstrom on all claims.

Ameser filled a motion to vacate the arbitration award in Texas state court. Before filing any written response in state court, Nordstrom removed the

case to federal district court pursuant to 28 U.S.C. § 1441, but failed to enter a timely response pursuant to Federal Rule of Civil Procedure 81 (c)(2).  Ameser moved for default judgment.  Nordstrom sought leave to file a response to the motion to vacate the arbitration award and filed a response to the motion to vacate.  The district court denied all pending motions "subject to refiling." Ameser appealed to this court and his claims were dismissed for lack of subject matter jurisdiction.  The parties refiled their briefs in the district court, which ultimately ruled in favor of Nordstrom and denied Ameser's motion to vacate the arbitration award.  Ameser appeals.

## STANDARD OF REVIEW

This court reviews district court decisions on motions to vacate arbitration awards de novo. *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2008).  We review an arbitrator's award with an "exceedingly deferential" view.  *See Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 380 (5th Cir. 2004) (citing *Glover v. IBP, Inc.*, 334 F.3d 471, 473 (5th Cir. 2003)). Further, we review a denial of a default judgment for abuse of discretion.  See *Lewis v. Lynn*  236 F.3d 766, 767 (5th Cir. 2001).  Generally, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

## DISCUSSION

Plaintiff appeals the decision of the district court on a number of grounds. We find the plaintiff's arguments unpersuasive.

First, Ameser contends that the district court should have entered a default judgment in his favor because Nordstrom's response following removal was untimely.  This court has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. (quoting *Ganther v. Ingle,* 75 F.3d 207*,* 212 (5th Cir. 1996)).

Further, we have held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989). We find nothing in the record to indicate that the district court abused its discretion by not entering judgment on behalf of Ameser. As such, we reject Ameser's appeal regarding the failure to enter a default judgment to vacate a fully arbitrated case.

Second, Ameser contends that the arbitration award should be vacated for a variety of reasons, including bias by the arbitrator or in the arbitration process. None of these are new arguments and all of them were before the district court. We agree with the district court that the reasons Ameser provides for setting aside the arbitration agreement are unpersuasive. In short, they read like a laundry list of weak arguments that had no influence on the arbitrator's decision, or simply offer an invitation to replace our judgment with that of the arbitrator's. Our caselaw makes clear that we are not to substitute our judgment with that of the arbitrator.

Only one of Ameser's numerous other arguments warrants further elaboration. With regard to Ameser's claim of evident partiality for nondisclosure, we find Ameser's claims to be without merit. Ameser's contention that Ms. Harmon's nondisclosure of a prior arbitration involving Nordstrom was material and grounds for vacating the judgment is unpersuasive. The statutory bases for vacating an arbitration award are set forth in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a), which states that an award may be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct. . . or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The question is whether there was evident partiality. This circuit has a very high threshold for a plaintiff to demonstrate evident partiality under 9 U.S.C. §10(a). In *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278, 282 (5th Cir. 2007) (en banc), this court held that "an arbitrator's failure to reveal facts may be relevant in determining evident partiality under 9 U.S.C. § 10(a)(2), but that mere nondisclosure does not in itself justify vacatur."[1] (Quoting *ANR Coal Co. v. Cogentric of N.C. Inc.*, 173 F.3d 493, 499-500 at n.3 (4th Cir. 1999)). An arbitrator's failure to disclose must involve a "significant compromising connection to the parties." *Id.*

Harmon's nondisclosure of the prior arbitration appears to be inadvert and was corrected by Nordstrom's counsel in a letter to Ameser's counsel. This disclosure took place more than nine months before the hearing date. While Ameser did request more information on the prior involvement, the record and the briefs do not indicate that Ameser's counsel ever pressed for this information when it was not forthcoming from the AAA, or whether or not the information was obtained through other means. Having had actual disclosure of the prior arbitration before the hearing, we find Ameser's post arbitration argument to be groundless. Furthermore, prior arbitration by Nordstrom in

---

[1] The facts of *Positive Software Solutions* are illustrative here. In that case, the arbitrator failed to disclose that he and an attorney for one of the parties had been two of the 34 attorneys in a joint representation of a corporation, which was not party to the current arbitration. The unrelated litigation had concluded years earlier. We ruled that nondisclosure in that instance did not warrant vacating the arbitration award.

front of Harmon does not meet the high threshold set by *Positive Software* for evident partiality regardless of whether the lack of formal disclosure by the AAA can be deemed nondisclosure.

## CONCLUSION

For the foregoing reasons we AFFIRM the district court's denial of a motion to vacate the arbitration award.