# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10138

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

SAMANTHA DIGGS,

Plaintiff-Appellant,

v.

CITIGROUP, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:12-CV-1612

Before STEWART, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant ("Diggs") appeals the district court's order granting Defendant-Appellee's ("Citigroup") motion to dismiss and compel arbitration. For the reasons stated herein, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Citigroup hired Diggs as an at-will employee in December 2008. When Diggs joined Citigroup, she signed an arbitration agreement that subjected all potential employment-related disputes to binding arbitration before the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10138

American Arbitration Association ("AAA"). In 2011, Citigroup terminated Diggs because of her alleged "absenteeism." Diggs claims that she was terminated because she missed time at work due to hospitalization and complications with her pregnancy.

Diggs filed a federal wrongful termination suit against Citigroup alleging sex discrimination in violation of Title VII and the Family and Medical Leave Act. Citigroup moved to dismiss Diggs's suit and compel arbitration. Diggs filed a response arguing, *inter alia*, that (1) the arbitration agreement was unenforceable because of fraud, mistake, or prior breach; (2) Citigroup's arbitration policy was unconscionable; and (3) mandatory employment arbitration before the AAA violates public policy. In support of her arguments, Diggs relied on a study by Cornell University Professor Alexander Colvin ("Colvin") that contends that arbitration awards in employment disputes disproportionately favor employers over employees. In addition to the study, Diggs relied upon an affidavit prepared by Colvin that summarized his findings.

Colvin's study and the affidavit were not created for purposes of this case. Both were completed in 2009, three years prior to the filing of this law suit. Colvin's conclusions are based upon a sample of employment matters arbitrated by the AAA between the years 2003 and 2007, compared to a sample of employment matters litigated in state and federal courts during 1996 and 1999/2000, respectively. The samples purportedly show that employees won a higher percentage of cases and received larger damage awards in state and federal courts than in arbitration. Colvin concludes that "there is a large gap in outcomes between the employment arbitration and litigation forums, with employees obtaining significantly less favorable outcomes in arbitration."

The district court referred Citigroup's motion to dismiss and compel arbitration to a magistrate judge. The magistrate judge issued findings and a

No. 13-10138

recommendation that Citigroup's motion be granted and that attorney's fees be awarded to Citigroup because Diggs's arguments were frivolous. Diggs filed objections to the magistrate's findings and recommendation. The district court adopted the magistrate's findings and recommendation with the exception of the award of attorney's fees. The district court found that a valid arbitration agreement existed between the parties, that the dispute fell within the scope of the agreement, and that the agreement did not violate public policy. The district court completely disregarded Colvin's study because, according to the district court, the study did not satisfy the standards set forth in Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Diggs appeals.

## II. DISCUSSION

### A. Colvin's Study

A district court's decision to exclude expert testimony is reviewed for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142–43 (1997). "District courts enjoy wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge and his or her decision will not be disturbed on appeal unless manifestly erroneous." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997) (citation and internal quotation marks omitted).

The Supreme Court explained in *Daubert* that any scientific testimony or evidence admitted must be relevant and reliable. 509 U.S. at 589. In terms of relevance, the Court explained that Rule 702 "requires that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* at 591. (quoting Fed. R. Evid. 702); *see also McCune v. Graco Children's Prods., Inc.*, 495 F. App'x 535, 539 (5th Cir. 2012) (per curiam) (unpublished). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citation and

3

internal quotation marks omitted).   If a court determines that the expert testimony is relevant, then the court must ensure that the testimony is reliable.    To make this determination, the court should engage in a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93.

In this case, the district court questioned the relevance and reliability of Colvin's study to the extent that it was presented to demonstrate how arbitration is generally unfair to employees.  The district court ruled that Colvin's study does not take into account a number of factors or variables and fails to meet the requirements of Rule 702, *Daubert*, and *Kumho*.  We agree. Colvin's study provides a general assessment of differential outcomes between employers and employees who resolved employment-related disputes through arbitration or litigation.   Colvin's affidavit was prepared in 2009 for another case involving different parties who were engaged in post-arbitration litigation.  Colvin did not prepare an affidavit that explained the implications of his study on the facts of the case *sub judice*.  *Daubert* and *Kumho* call for "evidentiary reliability" and "a valid . . . connection to the pertinent inquiry as a precondition to admissibility." *Kumho*, 526 U.S. at 149 (citing *Daubert*, 509 U.S. at 590─92 (internal quotation marks omitted)).

An expert's opinion should not be admitted if it does not apply to the specific facts of the case. *See id.* at 154.   Colvin's study provides no case-specific analysis to aid the trier of fact in determining whether the arbitration agreement between Diggs and Citigroup is enforceable.  Instead, Colvin's study summarily posits that employers enjoy a greater likelihood of success before the AAA than employees. Colvin conducted no observational or statistical analysis to determine whether the arbitration policy at issue in this case was unenforceable.  Diggs filed suit against Citigroup in 2012, at least five years

after any data was compiled for Colvin's study. Significant changes in litigation and arbitration outcomes may have occurred during that span of time. Moreover, there are reasons to doubt the reliability of Colvin's study because it compares arbitration statistics from the years 2003–2007 to litigation statistics from 1996 (state court) and 1999/2000 (federal court). Comparing statistics from variant time periods in this fashion could result in misleading conclusions.

We agree with the district court that Colvin's study fails to satisfy the standards set forth in Rule 702, *Daubert*, and *Kumho*. Accordingly, we hold that the district court did not abuse its discretion by disregarding the study and the accompanying affidavit.

## B.  The Arbitration Agreement

We review an order compelling arbitration de novo. *Paper, Allied Indus. Chem. & Energy Workers Int'l Union, Local 4–12 v. Exxon Mobile Corp.*, 657 F.3d 272, 275 (5th Cir. 2011). Factual findings underlying the district court's decision to compel arbitration are reviewed for clear error. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004).

On appeal, Diggs argues that the arbitration agreement is unenforceable because: (1) the agreement was premised on fraud or mistake; (2) Citigroup's arbitration policy is unconscionable; and (3) mandatory arbitration before the AAA violates public policy. Diggs's challenges are completely grounded in Colvin's findings regarding the alleged unfairness of mandatory arbitration before the AAA. Because we conclude that Colvin's study was properly disregarded by the district court, we hold that any arguments based upon the study are without merit. Accordingly, we find no error in the district court's finding that a valid arbitration agreement exists between Diggs and Citigroup and that their dispute falls within the confines of the agreement.

## C.  Pre-arbitration Discovery

Diggs also argues that the district court erred in denying pre-arbitration discovery regarding the fairness of Citigroup's arbitration policy.  Diggs claims that Colvin's findings of systemic bias are sufficient to justify an examination of Citigroup's specific track record in employment arbitrations before the AAA.

We review orders involving discovery under a deferential abuse of discretion standard.  *Munoz v. Orr*, 200 F.3d 291, 300 (5th Cir. 2000).  The district court has considerable discretion in managing discovery matters.  *Id.*  We affirm a district court's discovery decisions unless they are "clearly unreasonable or arbitrary."  *Ameriprise Fin. Serv., Inc. v. Etheredge*, 277 F. App'x 447, 449 (5th Cir. 2008) (per curiam) (unpublished) (citation and internal quotation marks omitted).

"The Federal Arbitration Act (FAA) 'calls for a summary and speedy disposition of motions or petitions to enforce arbitration clauses.'  It was 'Congress's clear intent, in the [FAA], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'"  *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500─01 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

Diggs does not provide any authoritative support for the notion that a district court's failure to allow pre-arbitration discovery under these circumstances amounts to reversible error.  Therefore, under the deferential abuse of discretion standard, we hold that the district court's denial of pre-arbitration discovery was not "clearly unreasonable or arbitrary."  *See Etheredge*, 277 F. App'x at 449.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal and compel arbitration.