# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2014

Lyle W. Cayce
Clerk

MOHAMMAD Z. ALIM,

Plaintiff - Appellant

v.

KBR, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1746

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Mohammad Z. Alim appeals the district court's denial of his motion to remand and motion to vacate the underlying arbitration award, as well as the district court's grant of KBR, Inc.'s ("KBR") motion to compel arbitration. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11094

## I. Factual and Procedural History

As part of Alim's employment with KBR, Alim agreed to the Halliburton Dispute Resolution Plan ("DRP"),[1] which provided that all claims against KBR related to Alim's employment must be submitted to arbitration. Following his termination, Alim filed an arbitration demand with the American Arbitration Association ("AAA"), alleging discrimination, retaliation, and breach of his employment contract. Alim's state court petition challenging the results of the first arbitration was ultimately successful when the arbitration award was vacated by a Texas appellate court due to evident partiality of the arbitrator. *Alim v. KBR (Kellogg, Brown & Root)–Halliburton*, 331 S.W.3d 178, 180 (Tex. App.—Dallas 2011, no pet.).

Thereafter, Alim filed an amended petition in his state court proceeding, asserting breach of employment contract, violation of United Arab Emirates Federal Law Number 8 ("UAE labor law claim"),[2] discrimination in violation of Title VII, breach of arbitration agreement, and fraud claims. Twenty-nine days later, KBR removed the case to federal court and filed a motion to dismiss Alim's UAE labor law claim based on a lack of subject matter jurisdiction. The district court denied the motion, concluding that it had supplemental jurisdiction over Alim's UAE labor law claim. Alim filed a motion to remand, which the district court denied.

KBR then filed a motion to compel arbitration and to stay Alim's Title VII claim. The district court granted this motion, ordering Alim's breach of employment contract, breach of arbitration agreement, UAE labor law, and fraud claims to arbitration and staying his Title VII claim.

---

[1] During Alim's employment, KBR was a subsidiary of Halliburton, Inc., and used Halliburton's DRP and rules.

[2] Alim worked for KBR in Dubai, United Arab Emirates, among other places.

2

No. 13-11094

Alim's claims proceeded to arbitration with a JAMS arbitrator. He granted KBR's motion to dismiss Alim's breach of arbitration agreement and fraud claims. He then decided in KBR's favor with respect to Alim's UAE labor law and breach of employment contract claims, concluding that Alim was terminated for valid reasons and had been fully compensated for his overtime work. Alim filed a motion to vacate the arbitration award, which the district court denied. The district court also granted summary judgment on the Title VII claims and entered a final judgment.[3] Alim timely appealed.

## II. Discussion

### A. Motion to Remand

The district court denied Alim's motion to remand, in which he argued that KBR did not timely remove because it "knew for years that Alim was seeking relief under Title VII." Reviewing this decision *de novo*, we affirm. *See Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 601 (5th Cir. 2006). KBR's removal period was not triggered when it may have known of a potential Title VII claim; instead, the removal statute provides that the thirty-day removal period began when KBR received a pleading setting forth a removable claim. *See* 28 U.S.C. § 1446(b); *see also* 28 U.S.C. § 1441(a). Here, KBR filed its notice of removal within thirty days of Alim's filing of his amended petition, which was the first petition to contain a removable claim.[4] Therefore, KBR timely removed.

---

[3] Although Alim's notice of appeal referenced the summary judgment order, he makes no arguments regarding the Title VII claims, so they are waived. *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997).

[4] Alim's reliance on his petition to vacate is misplaced. The well-pleaded complaint rule provides that a defendant can remove a case based on federal question jurisdiction "only when a federal question is presented on the face of [a] plaintiff's properly pleaded complaint." *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001) (citation and internal quotation marks omitted). Here, Alim's petition to vacate contained no reference to Title VII or any other removable federal claim, and therefore it could not trigger

No. 13-11094

B. Motion to Compel Arbitration

Applying a *de novo* standard of review, we conclude that the district court correctly compelled Alim's fraud, contract, and UAE labor law claims to arbitration. *See Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003). In response to KBR's motion to compel arbitration, Alim urged that the DRP was unenforceable.[5] In assessing the enforceability of an arbitration agreement, we apply the contract law of the state (Texas, in this case) that governs the agreement. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Contract defenses, "such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 [of the Federal Arbitration Act]." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996).

Alim's arguments concerning the enforceability of the DRP rely primarily on a study conducted by Dr. Alexander Colvin, which suggests that arbitration agreements between employers and employees are inherently unfair and systematically biased against employees. However, we have twice previously rejected the use of Colvin's study in almost identical situations. *See Diggs v. Citigroup, Inc.*, No. 13-10138, 2014 WL 54637, at *2 (5th Cir. Jan. 8,

---

the start of KBR's removal period. Similarly, Alim's reliance on his arbitration complaint, opening arbitration statement, and arbitration award—which he notes were incorporated in the petition to vacate by its reference to the arbitration record—is also misplaced. Even if there was adequate information in these documents to suggest that Alim desired to make a claim based on a federal statute, these documents are not pleadings or summons filed in state court as described in § 1446(b)(1).

[5] Alim also argued that his fraud and breach of arbitration agreement claims pertain to conduct after his termination and therefore fall outside the scope of the DRP. However, the DRP's definition of a dispute that is subject to arbitration does not contain any temporal limitations, but rather broadly includes "all legal and equitable claims" between the parties. As such, Alim's claims fall within the scope of the DRP. *See* 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983) (explaining that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration").

2014) (unpublished) and *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (unpublished).[6] As we explained in *Diggs*, this study was produced in 2009 for use in a matter involving different parties engaged in post-arbitration litigation. *See Diggs*, 2014 WL 54637, at *2. Colvin made no attempt to explain the implications of his study to the facts of the case *sub judice*. The district court did not reversibly err in failing to grant relief based upon Colvin's study.

Alim presents no evidence that the DRP was procured through fraud or mutual mistake because he has presented no evidence of a material misrepresentation concerning the fairness of the arbitration proceeding or any mistake of fact concerning the same.[7] *See Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (claim for fraudulent inducement under Texas law requires showing that the defendant made a material misrepresentation); *Johnson v. Conner*, 260 S.W.3d 575, 581 (Tex. App.—Tyler 2008, no pet.) (mutual mistake under Texas law requires showing a misunderstanding of a material fact). Similarly, Alim's argument that the DRP is unenforceable because it is substantively unconscionable fails. Again, Alim relies solely on Colvin's study in support of this claim and therefore has failed to meet his burden of showing that the DRP "is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001).

---

[6] Although these cases are unpublished and therefore not controlling precedent, we cite to them for their persuasive value as they address similar arguments based on Colvin's study. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[7] Alim also argued to the district court that KBR should not be permitted to enforce the DRP based on prior breach. He does not raise this issue on appeal, and it is therefore waived. *See Douglas W. ex rel. Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 n.4 (5th Cir. 1998) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue.").

No. 13-11094

Alim further argues that the DRP is unenforceable because it violates public policy by undermining the enforcement of employment statutes. However, Alim did not waive his substantive rights under any employment statutes when he agreed to the DRP. To the extent Alim suggests that he cannot effectively pursue his substantive rights through arbitration because such a forum is inherently unfair in favor of employers, his argument lacks merit as the only evidence he presents in support of this allegation is Colvin's study. This argument that arbitration is generally an unfair process also flies in the face of numerous cases holding that federal policy favors arbitration in a wide variety of contexts, including employment cases. *See, e.g.*, *Jones v. Halliburton Co.*, 583 F.3d 228, 235 (5th Cir. 2009) (observing in the context of Halliburton's employment dispute resolution program that "[i]t goes without saying that there is a strong federal policy in favor of arbitration").

Alim also argues that KBR should be equitably estopped from enforcing the DRP based on its alleged lack of disclosure concerning its previous contact with the first arbitrator. The district court correctly ruled to the contrary under the facts presented here.

Finally, Alim argues that the district court erred by *sua sponte* compelling his UAE labor law claim to arbitration. However, he did not object to the arbitration of this claim in the district court, but rather suggested in his response to KBR's motion to dismiss that his UAE labor law claim should be arbitrated if the court held that there is subject matter jurisdiction over this claim.[8] Alim cannot argue on appeal that this claim was improperly sent to

---

[8] Although neither of the parties addresses whether we have subject matter jurisdiction over Alim's UAE labor law claim on appeal, we must examine the basis for our own jurisdiction. *See Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In its motion to dismiss, KBR argued that the Dubai Labor Department, not United States federal courts, has the exclusive jurisdiction to adjudicate Alim's UAE labor law claim. However, as the district court observed in denying KBR's motion, we have previously "reject[ed] outright

No. 13-11094

arbitration when he represented to the district court that arbitration of the claim would be proper. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

C. Motion to Vacate

Alim appeals the district court's denial of his motion to vacate the JAMS arbitration award.[9] Although our review of the district court's decision is *de novo*, our review of an arbitration award is "exceedingly deferential." *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012). Alim argues vacatur is appropriate because the second arbitrator was evidently partial and the JAMS arbitration award was tainted by fraud or undue means. *See* 9 U.S.C. § 10(a). Alim has waived his evident partiality argument because he was aware of both bases on which he claims evident partiality prior to the second arbitration hearing and failed to raise the

---

the notion that the law of a foreign country can unilaterally curtail the power of our federal courts to hear a dispute even though the dispute involves rights fixed by the laws of another nation." *See Randall v. Arabian Am. Oil Co.*, 778 F.2d 1146, 1150 (5th Cir. 1985). Indeed, our jurisdiction can only be dictated by the Constitution, the laws of the United States, or a "treat[y] or agreement[] with [a foreign country] that would require our courts to refrain from exercising jurisdiction." *Id.* The parties have pointed to no such treaty or agreement that would curtail our jurisdiction. Therefore, having original jurisdiction under 28 U.S.C. § 1331, we have supplemental jurisdiction over Alim's UAE labor law claim pursuant to 28 U.S.C. § 1367(a).

[9] Alim argues that the district court erred in not granting him leave to conduct additional discovery concerning KBR's previous JAMS arbitrations, including those with the second arbitrator here. While Alim made two passing references to this discovery request in his motion to vacate, we cannot conclude that the district court abused its discretion in not granting Alim leave to conduct additional discovery because Alim failed to explain, much less demonstrate, that his arguments necessitated further discovery because they "implicated factual questions that cannot be reliably resolved without some further disclosure." *See Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 305 (5th Cir. 2004) (citation and internal quotation marks omitted) (holding in the context of an arbitration award confirmation proceeding that the decision as to whether to allow additional discovery is "an entirely practical one" involving a balancing of the need for additional information with its effect on the arbitration process).

7

No. 13-11094

argument before the second arbitration hearing. *See Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 732 (5th Cir. 1987).

Alim urges that the JAMS arbitration award was procured fraudulently or through undue means because (1) the DRP was procured through fraud; (2) JAMS refused to release contact information related to the second arbitrator's most recent cases; and (3) the second arbitrator based his finding concerning overtime pay on perjured testimony. These arguments lack factual and legal merit.

AFFIRMED.