ACCEPTED
13-15-00194-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
5/21/2015 2:40:56 PM
DORIAN RAMIREZ
CLERK

NO. 13-15-00194-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH COURT OF APPEALS DISTRICT
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
EDINBURG, TEXAS
5/21/2015 2:40:56 PM
DORIAN E. RAMIREZ
Clerk

ONEMAIN FINANCIAL, INC. AND RAUL RINCON,

Appellants,

V.

AIDA FLORES,

Appellee.

\*\*\*\*\*\*\*\*\*\*

Appeal from County Court at Law No. 2, Hidalgo County, Texas
Trial Court Cause No. CL-14-2498-B

---

## BRIEF OF APPELLANTS

---

OGLETREE, DEAKINS, NASH
 SMOAK & STEWART, P.C.
Lawrence D. Smith
State Bar No. 18638800
Adam D. Boland
State Bar No. 24045520
2700 Weston Centre
112 East Pecan Street
San Antonio, Texas 78205
(210) 354-1300 – Telephone
(210) 277-2702 – Facsimile
ATTORNEYS FOR APPELLANTS

**ORAL ARGUMENT REQUESTED**

NO. 13-15-00194-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH COURT OF APPEALS DISTRICT
CORPUS CHRISTI, TEXAS

ONEMAIN FINANCIAL, INC. AND RAUL RINCON,

Appellants,

V.

AIDA FLORES,

Appellee.

**********

Appeal from County Court at Law No. 2, Hidalgo County, Texas
Trial Court Cause No. CL-14-2498-B

---

## BRIEF OF APPELLANTS

---

TO THE HONORABLE COURT OF APPEALS:

Appellants, OneMain Financial, Inc. ("OneMain"), and Raul Rincon, (hereinafter collectively "Appellants") respectfully submit their Appellants' Brief appealing the denial by the Trial Court of their Motion to Compel Arbitration.

# IDENTITY OF PARTIES AND THEIR COUNSEL

The following is a complete list of all parties to the Trial Court's Order, as well as the names and addresses of all trial and appellate counsel.

Appellants/Defendants:
OneMain Financial, Inc.

Raul Rincon

Appellants' Counsel:
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
Lawrence D. Smith
State Bar No. 18638800
Adam D. Boland
State Bar No. 24045520
2700 Weston Centre
112 East Pecan Street
Telephone: 210.354.1300
Facsimile: 210.277.2702

Defendants' Trial Counsel:
Ogletree, Deakins, Nash, Smoak
 & Stewart, P.C.
Lawrence D. Smith
State Bar No. 18638800
Adam D. Boland
State Bar No. 24045520
2700 Weston Centre
112 East Pecan Street
Telephone: 210.354.1300
Facsimile: 210.277.2702

Appellee/Plaintiff:
Aida Flores

Appellee's Counsel:
Carlos E. Hernandez, Jr., P.C.
State Bar No. 00787681
The Law Offices of Carlos E.
Hernandez, Jr., P.C.
200 East Cano Street
Edinburg, Texas 78539
Telephone: 956.386.0900
Facsimile: 956.380.0771

Plaintiff's Trial Counsel:
Carlos E. Hernandez, Jr., P.C.
State Bar No. 00787681
The Law Offices of Carlos E. Hernandez, Jr., P.C.
200 East Cano Street
Edinburg, Texas 78539
Telephone: 956.386.0900
Facsimile: 956.380.0771

# TABLE OF CONTENTS

**Description**                                                                                                      **Page**

IDENTITY OF PARTIES AND THEIR COUNSEL ............................................. iii

TABLE OF CONTENTS ............................................................................... v

TABLE OF AUTHORITIES ......................................................................... vii

STATEMENT OF THE CASE ........................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ........................................... 2

ISSUE PRESENTED .................................................................................... 2

STATEMENT OF FACTS ............................................................................. 3

SUMMARY OF ARGUMENT ....................................................................... 7

ARGUMENT ............................................................................................. 8

    ISSUE: <u>Whether the Trial Court Erred in Denying Appellants' Motion to Compel Arbitration?</u>.................................................................8

    A. Standard of Review ............................................................. 8

    B. A Strong Presumption in Favor of Arbitration Exists................. 9

    C. Appellants Established the Existence of a Valid Arbitration Agreement .......................................................................... 11

    D. Appellee's Claims Fall Within the Scope of the Arbitration Agreement .......................................................................... 14

    E. Appellee's Arguments Opposing Arbitration are Unfounded.......... 16

CONCLUSION AND PRAYER ..................................................................... 24

APPENDIX

1.  Order Denying Defendant's Motion to Compel Arbitration
    and Motion to Stay Litigation ................................................................ Tab 1

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re 24R, Inc.,*
324 S.W.3d 564 (Tex. 2010)......................................................................................8

*ATT Technologies, Inc. v. Communication Workers of America,*
475 U.S. 643 (1986)...................................................................................................15

*Banc One Acceptance Corp. v. Hill,*
367 F.3d 426 (5th Cir. 2004) ...................................................................................9

*Burlington N.R.R. v. Akpan,*
943 S.W.2d 48 (Tex. App. – Fort Worth 1996, no writ) ..................................11, 14

*Burton v. Citigroup,*
No. 3:03-CV-3033-M (N.D. Tex. June 9, 2004) ...................................................13

*Cantella & Co., Inc. v. Goodwin,*
924 S.W.2d 943 (Tex. 1996).....................................................................................9

*Circuit City Stores, Inc. v. Adams,*
532 U.S. 105 (2001)..................................................................................................10

*D.R. Horton, Inc. v. Brooks,*
207 S.W.3d 862 (Tex. App. – Houston [14th Dist.] 2006, no pet.)......................21

*In re Dallas Peterbilt, Ltd., L.L.P.,*
196 S.W.3d. 161 (Tex. 2006).............................................................................11, 13

*De Oliveira v. Citicorp North America, Inc.,*
2012 WL 1831230 (M.D. Fla. May 18, 2012)........................................................13

*Dean Witter Reynolds, Inc. v. Byrd,*
470 U.S. 213 (1985)....................................................................................................9

*Delfingen US-Tex., L.P. v. Valenzuela,*
407 S.W.3d 791 (Tex. App. – El Paso 2013, no pet.)............................................8

*Diggs v. Citigroup, Inc.,*
551 Fed. Appx. 762 (5th Cir. 2014)...................................................................13, 20

*EZ Pawn Corp. v. Mancias,*
934 S.W.2d 87 (Tex. 1996).....................................................................................20

*In re FirstMerit Bank, N.A.,*
52 S.W.3d 749 (Tex. 2001)..................................................................................11, 14

*In re Fleetwood Homes of Texas, L.P.,*
257 S.W.3d 692 (Tex. 2008)..........................................................................................19

*Gonzalez v. Citigroup,*
2011 WL 2148711 (D. Del. May 31, 2011)..................................................................13

*In re Haliburton Co.,*
80 S.W.3d 566 (Tex. 2002)....................................................................................13, 18

*Hartford Life Ins. Co. v. Forman,*
2009 WL 1546924 (Tex. App. – Corpus Christi June 3, 2009, pet. denied) .........................11

*In re Hawthorne Townhomes, LP,*
282 S.W.3d 131 (Tex. App. – Dallas 2009, org. proceeding) ....................................12

*In re Hope Lumber & Supply Co.,*
2008 WL 3984211 (Tex. App. – Corpus Christi Aug. 29, 2008, no pet. h.) ..............14, 18

*Jones v. Fujitsu Network Communications, Inc.,*
81 F.Supp.2d 688 (N.D. Tex. 1999) ............................................................................13

*In re Kaplan Higher Education Corp.,*
235 S.W.3d 206 (Tex. 2007)..........................................................................................12

*In re Kellogg Brown & Root, Inc.,*
166 S.W.3d 732 (Tex. 2005)..........................................................................................11

*Lumuenemo v. Citigroup, Inc.,*
2009 WL 371901 (D. Colo. Feb. 12, 2009)..........................................................13, 18

*Maverick Engineering, Inc. v. Nakkarni,*
2009 WL 1974757 (Tex. App. – Corpus Christi June 5, 2009, no pet.)......................12

*Merrill Lynch, Pierce, Fenner, and Smith, Inc. v. Longoria,*
783 S.W.2d 229 (Tex. App. – Corpus Christi 1989, no writ)......................................15

*Minter v. Citifinancial,*
No. 3:02-CV-2264-R (N.D. Tex. Jan. 13, 2003) .......................................................13

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.,*
473 U.S. 614 (1985).......................................................................................................10

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,*
460 U.S. 1 (1983)...............................................................................................9, 10, 14

*Nabors Wells Servs., Ltd. v. Herrera,*
2009 WL 200987 (Tex. App. - Corpus Christi Jan. 27, 2009, no pet.)......................21, 22, 23

*OPE Int'l LP v. Chet Morrison Contrs., Inc.,*
258 F.3d 443 (5th Cir. 2001) .............................................................................10, 14

*In re Poly-America, L.P.,*
262 S.W.3d 337 (Tex. 2008).........................................................................................22

*In re Prudential Ins. Co. of Am.,*
148 S.W.3d 124 (Tex. 2004).........................................................................................22

*Quinn v. EMC Corp.,*
109 F.Supp.2d 681 (S.D. Tex. 2000) ..........................................................................13

*ReadyOne Industries, Inc. v. Flores,*
2014 WL 6982275 (Tex. App. – El Paso Dec. 10 2014, no pet. h.) ...........................14

*Richmont Holdings, Inc., v. Superior Recharge Sys., LLC,*
455 S.W. 3d 573 (Tex. 2014).......................................................................................19

*Smith v. H.E. Butt Grocery Co.,*
18 S.W.3d 910 (Tex. App. – Beaumont 2000, pet. denied).........................................9

*Southland Corp. v. Keating,*
465 U.S. 1 (1984)........................................................................................................10

*Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.,*
220 F.3d 650 (5th Cir. 2000) .......................................................................................9

*T.O. Stanley Boot Co., Inc. v. Bank of El Paso,*
847 S.W.2d 218 (Tex. 1992).......................................................................................23

*Valero Refining, Inc. v. M/T Lauberhorn,*
813 F.2d 60 (5th Cir. 1987) ........................................................................................11

*In re Vesta Ins. Group, Inc.,*
192 S.W.3d 759 (Tex. 2006).................................................................................19, 20

*Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,*
489 U.S. 468 (1989)......................................................................................................9

*Webb v. Investacorp, Inc.,*
89 F.3d 252 (5th Cir. 1996) ........................................................................................11

*Weekley Homes, L.P. v. Rao,*
336 S.W.3d 413 (Tex. App. – Dallas 2011, pet. denied).............................................8

*White-Weld & Co. v. Mosser,*
    587 S.W.2d 485 (Tex. Civ. App. – Dallas 1979, writ ref'd n.r.e.) ............................9

**Statutes**

9 U.S.C. § 1 ..................................................................................................................9

TEX. CIV. PRAC. & REM. CODE § 171.001. ...................................................................9

48 C.F.R. § 222.7402 ....................................................................................................17

Texas Rule of Appellate Procedure 9.4 .......................................................................26

## STATEMENT OF THE CASE

On May 30, 2014, Aida Flores ("Appellee" or "Flores") filed the instant lawsuit alleging that OneMain's termination of her employment constituted discrimination on the basis of age and disability. (CR 4-15). Further, Appellee claimed that OneMain subjected her to a hostile work environment based on age and disability. (CR 4-15). Appellee also alleged claims of libel/slander and defamation against individual Defendant Raul Rincon ("Rincon"). (CR 4-15).

Appellants timely filed an Original Answer, asserting a general denial and the affirmative defense that Appellee's claims must be submitted to binding arbitration as previously agreed upon by the parties. (CR 19-20). On July 23, 2014, Appellants filed a Motion to Compel Arbitration and Motion to Dismiss ("Motion"). (CR 21-49). On October 6, 2014, Appellee filed her Response to the Motion. (CR 52-68). Also on October 6, 2014, the Trial Court held a hearing regarding Appellants' Motion. (CR 51 and TR 1-4).

At the hearing, Appellants presented evidence that a valid and enforceable arbitration agreement existed between the parties. (TR 5-7 and CR 21-49). Appellee argued that the arbitration agreement should not be enforced, but presented no testimony or evidence. (TR 1-12 and CR 52-68). On October 20, 2014, with Court approval, Appellants' submitted a Reply, including additional evidence, to Appellee's Response. (TR 4-5 and CR 69-90).

1

On February 11, 2015, the parties submitted an Agreed Order which the Trial Court signed granting Appellants' Motion to Compel Arbitration and staying the current proceedings. (CR 91-93). On April 1, 2015, the Trial Court, with no notice or other pending motion, issued a new order which reversed its prior granting of Appellants' Motion to Compel Arbitration. (CR 94). The Order Denying Defendant's (sic) Motion to Compel Arbitration and Motion to Stay Litigation[1] ("Order") was issued without any explanation. (CR 94). Appellants timely filed their Notice of Appeal challenging the Trial Court's April 1, 2015 Order. (CR 95-96).

## STATEMENT REGARDING ORAL ARGUMENT

Appellants request oral argument, because they believe it would help to clarify the legal issues discussed herein and avoid misinterpretations or misunderstandings of the record.

## ISSUE PRESENTED

The evidence attached to Appellants' Motion and Reply and addressed at the hearing establish that during her employment with OneMain, Appellee received notice of the arbitration agreement on multiple occasions, including electronically on December 17, 2012; that she continued to work for OneMain after receiving notice; and that her claims in this lawsuit fall within the scope of the arbitration

---

[1] Appellants' original Motion was titled Motion to Compel Arbitration and Motion to Dismiss. (CR 21).

2

agreement. In her Response and at the hearing, Appellee presented arguments and assertions that were unsupported by evidence, law or relevant precedent. Appellee's unjustified arguments do not overcome Appellants' evidence and the undeniable precedent that confirms that a valid arbitration agreement exists between the parties and should be enforced. The issue therefore presented is whether the Trial Court erred in denying Appellants' Motion to Compel Arbitration.

## STATEMENT OF FACTS

On October 29, 1997, a related business entity of OneMain hired Appellee as a Customer Service Representative. (CR 33). On January 1, 2002, Appellee was promoted to Senior Customer Service Representative (later renamed Branch Account Executive). (CR 33). On June 18, 2013, OneMain terminated Appellee. (CR 33). From June 2006 until the date of her termination, Appellee's District Manager was Rincon. (CR 33).

OneMain, a Delaware corporation that provides consumer lending services, is a subsidiary of Citigroup Inc. (CR 79-87 and 89-90). Citigroup Inc. and its subsidiaries, including OneMain, maintain an Employment Arbitration Policy ("Arbitration Agreement") that requires U.S. employees to arbitrate employment-related disputes. (CR 33 and 36-40). OneMain expressly and unambiguously requires employees to comply with the terms of the Arbitration Agreement as a

condition of continued employment. (CR 36-40). The Arbitration Agreement also provides that continued employment constitutes acceptance of the policy. (CR 36-40).

The Arbitration Agreement covers employment-related disputes that arise between the company, the employee, and other employees. (CR 36-40). The Arbitration Agreement specifically states that it covers any claims under any state or federal laws regarding discrimination. (CR 36-40). The Arbitration Agreement also specifically identifies defamation as an employment-related claim. (CR 36-40).

Appellee had specific knowledge of the Arbitration Agreement prior to and throughout her employment. (CR 45-49). The Arbitration Agreement is attached as Appendix A to the U.S. Employee Handbook. (CR 33). All U.S. employees receive a copy of the Handbook and the attached appendix. (CR 33). Appellee acknowledged receipt of the applicable Handbook in 2002, 2004, and 2006, which contained a version of the Arbitration Agreement. (CR 33 and 47-49). In 2011 and 2013, Appellee electronically acknowledged receipt of the Handbook and Arbitration Agreement. (CR 33 and 45-46). The 2013 acknowledgment received by Appellee, and electronically accepted, expressly stated "[a]ppended to the Handbook is an Employment Arbitration Policy as well as the "Principles of Employment" that require you and Citi to submit employment-related disputes to

binding arbitration." (CR 45). Appellee's Handbook Acknowledgements were submitted to the Trial Court as evidence. (CR 45-49).

Despite Appellee's agreement to arbitrate her claims against Appellants, Appellee initiated this action on May 30, 2014, asserting claims for age discrimination, disability discrimination, hostile work environment, and defamation related to her termination. (CR 4-15). On June 30, 2014, Appellants filed a timely answer and asserted the affirmative defense that this matter must be compelled to arbitration due to the parties' entry into a binding arbitration agreement. (CR 19-20).

On July 8, 2014, Appellants' counsel forwarded copies of Appellee's acknowledgments and the Arbitration Agreement to Appellee's counsel and asked that Appellee voluntarily consent to arbitration; however, on July 21, 2014, Appellee indicated that she refused to consent to arbitration. (CR 22-23). On July 23, 2014, Appellants filed their Motion to Compel Arbitration and Motion to Dismiss. (CR 21-49). Attached to the Motion were four exhibits, which included the Affidavit of Lisette Mejias proving up the attached exhibits as business records and providing additional information regarding Appellee's employment and the Arbitration Agreement. (CR 32-34). Further, attached as exhibits were copies of the Arbitration Agreement, the Principles of Employment, and Appellee's acknowledgments of having received notice of the Arbitration Agreement. (CR

36-49). On October 6, 2014, a little over an hour before the hearing, Appellee filed her Response to Appellants' Motion. (CR 52-68). No affidavits or evidence were submitted with Appellee's Response. (CR 52-68).

On October 6, 2014, the Honorable Jay Palacios held a hearing pursuant to Appellants' Motion. (TR 1-4). At the hearing, both parties' counsel appeared for oral argument. (TR 2-4). No live testimony was presented. (TR 4-12). Appellants' counsel argued the pending Motion and went through the Court's necessary analysis, including establishing that notice of the Arbitration Agreement occurred, that Appellee continued to work for OneMain following notice, and that all of Appellee's claims fell within the scope of the Arbitration Agreement. (TR 5-7 and 9-11). Appellee's counsel then presented arguments that Appellants did not establish that a valid Arbitration Agreement existed between the parties, that the Franken Amendment somehow prevented enforcement of the Arbitration Agreement, and that the Arbitration Agreement is potentially illusory. (TR 7-9).

Given that Appellee's Response was not filed until immediately prior to the hearing, the Trial Court granted Appellants additional time to file a Reply. (CR 4-5). On October 20, 2014, Appellants filed their Reply disputing Appellee's allegations and attaching two additional pieces of evidence. (CR 69-90). Specifically, Appellants' presented evidence confirming that the Franken

6

Amendment did not apply to the Arbitration Agreement and that OneMain was a subsidiary of Citigroup Inc. (CR 79-90).

On February 11, 2015, the Honorable Jay Palacios signed an Agreed Order, submitted by the parties and signed by each parties' counsel, which granted Appellants' Motion to Compel Arbitration and stayed any further proceedings. (CR 91-92). On April 1, 2015, however, without any notice and no pending motion to consider, Judge Palacios signed another Order denying Appellants' Motion to Compel Arbitration. (CR 94). Appellants' then filed a timely Notice of Appeal appealing the April 1, 2015 Order denying Appellants' Motion. (CR 95).

## SUMMARY OF ARGUMENT

Appellants presented irrefutable evidence establishing that Appellee received notice of the Arbitration Agreement during her employment, continued to work after receiving notice, and that her claims fall within the scope of the Arbitration Agreement. Appellants' evidence undeniably establishes that a valid and enforceable Arbitration Agreement exists. Therefore, a strong presumption supporting the enforceability of the Arbitration Agreement exists. Appellee's conclusory and unsupportable arguments do not overcome this presumption or the relevant case law applicable to the case at hand. Indeed, Appellee wholly failed to present any evidence to contradict the clear evidence Appellants presented that the Arbitration Agreement is valid and enforceable. Therefore, given the relevant

precedent in Texas and the strong public policy favoring arbitration agreements, the evidence presented compels the conclusion that the Trial Court erroneously denied Appellants' Motion to Compel Arbitration; and that Appellants' Motion to Compel Arbitration should be granted and the parties should be ordered to arbitration.

## ARGUMENT

## I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO COMPEL ARBITRATION.

### A. Standard of Review.

Under section 51.016 of the Texas Civil Practice and Remedies Code, this Court should apply an abuse of discretion standard in reviewing this interlocutory appeal. *Weekley Homes, L.P. v. Rao,* 336 S.W.3d 413, 418 (Tex. App. – Dallas 2011, pet. denied). Under this standard, the Court of Appeals defers "to the trial court's factual determinations if they are supported by evidence, but [it] review[s] the trial court's legal determinations de novo.'" *Weekley,* 336 S.W.3d at 418 (*citing In re Labatt Food Svc., L.P.,* 279 S.W.3d 640, 643 (Tex. 2009)); *see Delfingen US-Tex., L.P. v. Valenzuela,* 407 S.W.3d 791, 800 (Tex. App. – El Paso 2013, no pet.). "Whether an arbitration agreement is enforceable is subject to de novo review." *Id.* "A trial court that refuses to compel arbitration under a valid and enforceable arbitration agreement has clearly abused its discretion." *In re 24R, Inc.,* 324

S.W.3d 564, 566 (Tex. 2010) (*citing In re Haliburton Co.,* 80 S.W.3d 566, 573 (Tex. 2002)).

B.    A Strong Presumption in Favor of Arbitration Exists.

Federal and state policies strongly favor arbitration. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 217 (1985); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (the Federal Arbitration Act represents "a liberal federal policy favoring arbitration agreements"); *Banc One Acceptance Corp. v. Hill,* 367 F.3d 426, 429 (5th Cir. 2004) ("once a court determines that an agreement to arbitrate exists, the court must pay careful attention to the strong federal policy favoring arbitration and must resolve all ambiguities in favor of arbitration"); *Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex. 1996); *see also* TEX. CIV. PRAC. & REM. CODE § 171.001, *et. seq.*

The Federal Arbitration Act[2] ("FAA") makes private agreements to submit disputes to arbitration valid and enforceable and requires courts to enforce arbitration agreements in the same manner as it enforces all contracts. *See* 9 U.S.C. § 1, *et seq.; Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 474 (1989); *Specialty Healthcare Mgmt., Inc. v. St.*

---

[2] In the employment context, any employment relationship involving interstate commerce falls within the coverage of the FAA. *White-Weld & Co. v. Mosser,* 587 S.W.2d 485, 487 (Tex. Civ. App. – Dallas 1979, writ ref'd n.r.e.). Stated another way, if the employer's business involves interstate commerce, the FAA applies. *Smith v. H.E. Butt Grocery Co.,* 18 S.W.3d 910, 913 (Tex. App. – Beaumont 2000, pet. denied). In this case, OneMain's business involves interstate commerce. (CR 33-34). Appellee never claimed otherwise.

*Mary Parish Hosp.*, 220 F.3d 650, 654 (5th Cir. 2000). Further, the United States Supreme Court has held that the FAA may be used to enforce arbitration agreements between employers and employees that are required as a condition of employment. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 105-107 (2001).

Additionally, in *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, the Supreme Court held, "[the FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." 460 U.S. at 24-25; *see also OPE Int'l LP v. Chet Morrison Contrs., Inc.*, 258 F.3d 443, 445 (5th Cir. 2001). Further, "[In enacting the FAA,] Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). This congressional policy "requires that [courts] rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626 (1985) (*citing Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985)).

Texas law is consistent with the federal standard. An agreement to arbitrate in Texas is enforceable under the FAA if: (1) a valid agreement exists; and (2) the claims raised are within the scope of the agreement. *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005); *Hartford Life Ins. Co. v. Forman,* 2009 WL 1546924, at *3 (Tex. App. – Corpus Christi June 3, 2009, pet. denied). "Because state and federal policies continue to favor arbitration, a presumption exists favoring agreements to arbitrate under the FAA, and courts must resolve any doubts about an arbitration agreement's scope in favor of arbitration." *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex. 2001); *see Burlington N.R.R. v. Akpan,* 943 S.W.2d 48, 50 (Tex. App. – Fort Worth 1996, no writ) (finding that arbitration is strongly favored and noting that Texas courts will "indulge every reasonable presumption" in favor of arbitration).

C.    <u>Appellants Established the Existence of a Valid Arbitration Agreement.</u>

Ordinary state law contract principles determine the validity of a written arbitration agreement. *Webb v. Investacorp, Inc.,* 89 F.3d 252, 258 (5th Cir. 1996); *Valero Refining, Inc. v. M/T Lauberhorn,* 813 F.2d 60, 64 (5th Cir. 1987). In Texas, "[a]n employer may enforce an arbitration agreement entered into during an at-will employment relationship if the employee received notice of the employer's arbitration policy and accepted it." *In re Dallas Peterbilt, Ltd., L.L.P.,* 196 S.W.3d. 161, 162 (Tex. 2006) (an at-will employee that receives notice of the

11

arbitration agreement and continues to work accepts the terms as a matter of law); *see Maverick Engineering, Inc. v. Nakkarni,* 2009 WL 1974757, at * 4 (Tex. App. – Corpus Christi June 5, 2009, no pet.) (if a valid arbitration agreement exists, a presumption favoring arbitration exists).

Further, the Texas Supreme Court has held that agents of a signatory to an arbitration agreement may enforce the agreement even if they themselves are non-signatories. *See In re Kaplan Higher Education Corp.,* 235 S.W.3d 206, 209-10 (Tex. 2007). Parties to an arbitration agreement may not avoid arbitration by naming individual agents of the other party to the agreement and suing them in their individual capacities. *In re Hawthorne Townhomes, LP,* 282 S.W.3d 131, 139 (Tex. App. – Dallas 2009, org. proceeding) (individual agents of the corporate entity are entitled to invoke the corporate entity's arbitration agreement when sued individually).

It is undisputed that OneMain presented Appellee with the Arbitration Agreement and that the Agreement provides that all U.S. employees agree to refer disputes involving employment-related claims between relevant entities and employees to arbitration for a final and binding resolution. (CR 32-40 and 45-49). Appellee accepted and consented to be bound by the Arbitration Agreement's terms on multiple occasions, including with her acknowledgement of the Agreement in 2013. (CR 45-49). Further, following her receipt of notice of the

Arbitration Agreement, Appellee continued to work for OneMain. (CR 32-34). These facts are undisputed; thus, Texas case law establishes that Appellee's conduct constitutes acceptance of the Arbitration Agreement as a matter of law. *See Quinn v. EMC Corp.*, 109 F.Supp.2d 681, 687 (S.D. Tex. 2000); *Jones v. Fujitsu Network Communications, Inc.*, 81 F.Supp.2d 688, 692 (N.D. Tex. 1999) ("[b]y continuing to work for Defendant after he received notice of the Arbitration Policy, Plaintiff accepted the arbitration policy as a matter of law."); *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d at 163; *In re Halliburton Co.*, 80 S.W.3d at 568-569.

In fact, prior similar versions of the same Arbitration Agreement that the company seeks to enforce herein have been upheld by courts applying Texas law. *See Diggs v. Citigroup, Inc.*, 551 Fed. Appx. 762, 765-66 (5th Cir. 2014); *Burton v. Citigroup*, No. 3:03-CV-3033-M (N.D. Tex. June 9, 2004); *Minter v. Citifinancial*, No. 3:02-CV-2264-R (N.D. Tex. Jan. 13, 2003); *see also De Oliveira v. Citicorp North America, Inc.*, 2012 WL 1831230, at * 3 (M.D. Fla. May 18, 2012); *Gonzalez v. Citigroup*, 2011 WL 2148711, at * 2 (D. Del. May 31, 2011); *Lumuenemo v. Citigroup, Inc.*, 2009 WL 371901, at * 7 (D. Colo. Feb. 12, 2009).

Here, the Trial Court did not make any findings of fact, either oral or written. (CR 94 and TR 4-12). The underlying Order simply indicates that the Motion is denied, but does not identify the rationale for the decision. Further,

Appellee has not presented one shred of evidence to contest that notice and acceptance have occurred. Thus, the record establishes that Appellants have satisfied their burden, based on the presented evidence, that a valid Arbitration Agreement exists between the parties. *See ReadyOne Industries, Inc. v. Flores,* 2014 WL 6982275, at * 3 (Tex. App. – El Paso Dec. 10 2014, no pet. h.) (exhibits and authenticated affidavit satisfied initial burden regarding existence of valid agreement).

D. <u>Appellee's Claims Fall Within the Scope of the Arbitration Agreement</u>

As the Supreme Court stated in *Moses H. Cone Mem. Hosp.* "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." 460 U.S. at 24-25; *see also OPE Int'l LP,* 258 F.3d at 445; *In re FirstMerit Bank, N.A.,* 52 S.W.3d at 753; *In re Hope Lumber & Supply Co.,* 2008 WL 3984211, at * 3 (Tex. App. – Corpus Christi Aug. 29, 2008, no pet. h.) ("[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."); *Akpan,* 943 S.W.2d at 50 (arbitration is strongly favored and noting that Texas courts will "indulge every reasonable presumption" in favor of arbitration).

Here, the Arbitration Agreement covers Appellee's claims. (CR 36-40). Appellee's Original Petition includes claims for age discrimination, disability discrimination, hostile work environment and defamation related to her

termination. (CR 4-18). Appellee's claims inarguably arise out of her employment relationship with OneMain and fall within the express written scope of the Arbitration Agreement. (CR 36-40).

To the extent Appellee contends otherwise, she bears the burden to show that her claims fall outside the scope of the arbitration policy. *Merrill Lynch, Pierce, Fenner, and Smith, Inc. v. Longoria*, 783 S.W.2d 229, 231 (Tex. App. – Corpus Christi 1989, no writ). The United States Supreme Court has held that in "the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *ATT Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 650 (1986) (*citing United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 584 (1960)). Not only is there a complete absence of "forceful evidence" negating the application of the Arbitration Agreement to Appellee's claims, there is no evidence that even remotely negates its application to her claims. As a result, Appellee's claims are covered by the Arbitration Agreement. Because the Arbitration Agreement is valid and Appellee's claims fall within the scope of the policy, the Trial Court abused its discretion in not compelling arbitration.

15

E.    Appellee's Arguments Opposing Arbitration are Unfounded.

Appellee asserts that the Arbitration Agreement is unenforceable on the grounds that Appellants did not establish that an Arbitration Agreement existed between the parties, that the Franken Amendment somehow prevented enforcement of the Arbitration Agreement, that the Arbitration Agreement is potentially illusory, and a laundry list of other unjustified assertions. (CR 52-68 and TR 7-9). Appellee's arguments are neither supported by Texas case law nor evidence.

### 1. OneMain Financial, Inc. is a subsidiary of Citigroup Inc., thus, the Arbitration Agreement exists between the parties.

Appellee argues that her Arbitration Agreement is with Citigroup Inc. and not OneMain, the subsidiary from which she received the Agreement and for whom she worked. (CR 52-68). The language of the Agreement expressly states that the Agreement relates to the employee, Appellee, and Citigroup Inc., its **subsidiaries**, and affiliates. (CR 36). OneMain Financial, Inc. is a subsidiary of Citigroup Inc. (CR 79-87[3] and 89-90). Indeed, Appellee has presented no evidence to contradict Appellants evidence. Appellee's unfounded assertion that OneMain is not a subsidiary is insufficient to negate the existence of an enforceable Arbitration Agreement between the parties.

---

[3] The exhibit submitted to the Trial Court is a document filed with Citigroup Inc.'s 2013 10-K. This document is a public record and filed with the Securities and Exchange Commission.

## 2. **The Franken Amendment is wholly inapplicable.**

Although not asserted in Appellee's Response, at the hearing on this matter, Appellee's counsel stated that the Franken Amendment may apply to this matter. (TR 7-9). The Franken Amendment restricts the use of arbitration agreements by federal contractors with contracts in excess of $1 million with the Department of Defense. 48 C.F.R. § 222.7402. The Amendment further is limited to cover only claims asserted under Title VII or torts related to or arising out of sexual assault or harassment. 48 C.F.R. § 222.7402. OneMain is not a federal contractor and does not have or maintain any contracts with the Department of Defense, thus, the Franken Amendment is inapplicable. (CR 89-90). More importantly, Appellee asserts only claims for harassment and discrimination under the Texas Commission on Human Rights Act, and defamation against Rincon. (CR 4-18). Therefore, the claims asserted by Appellee do not even fall under the scope of claims coved by the Franken Amendment. Thus, this argument is frivolous and not supported at all by relevant law or the pleadings.

## 3. **The Arbitration Agreement is not illusory.**

Appellee summarily alleged that the Arbitration Agreement is illusory. (CR 52-68). After citing a few cases concerning illusory agreements, Appellee presented no further argument or analysis in her Response concerning this position.

17

(CR 52-68). A plain review of the Arbitration Agreement, however, clearly shows it is not illusory.

In *In re Halliburton Co.,* the Texas Supreme Court reviewed an arbitration agreement that contained very similar terms and conditions as the Arbitration Agreement in this matter. 80 S.W.3d 566, 568-69 (Tex. 2002). The Texas Supreme Court, in analyzing whether the agreement was illusory, held that the agreement, including its terms and conditions, was not illusory because the employer could not avoid its promise to arbitrate because the employer could not avoid its obligation without providing notice of a change to the agreement. *Id.* at 569-70. Thus, any changes were prospective. *Id.* Here, the Arbitration Agreement is not illusory because OneMain has no right to unilaterally amend or revoke the Agreement without providing 30 days' notice of the changes. (CR 36-40); *see In re Halliburton,* 80 S.W.3d at 568-70; *In re Hope Lumber & Supply Co.,* 2008 WL 3984211, at * 4; *see also Lumuenemo,* 2009 WL 371901, at * 6 (holding that a similar version of the arbitration agreement at issue in this case was not illusory). Appellee's argument that the Agreement is illusory fails.

### 4. Any assertion of waiver fails because Appellee did not establish that Appellants substantially invoked the judicial process to her detriment.

Appellee alleges that Appellants waived the Arbitration Agreement in her Response, but she fails to detail how waiver allegedly occurred. (CR 64-66).

Nevertheless, Appellee has failed to establish that Appellants waived the Arbitration Agreement by substantially invoking the judicial process to her prejudice. *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 694 (Tex. 2008); *see Richmont Holdings, Inc., v. Superior Recharge Sys., LLC*, 455 S.W. 3d 573, 576 (Tex. 2014) (no waiver occurred when defendant filed separate lawsuit against plaintiff in another county, moved to transfer venue, and engaged in minimal discovery). There is a strong presumption against waiver under the Federal Arbitration Act. *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006). A party does not waive its right to arbitrate merely by delay. *Id.* Instead, the party arguing waiver must establish that any delay resulted in prejudice. *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d at 694. Appellee makes no argument on how Appellants have allegedly waived the Agreement or how she is prejudiced, but simply cites inapplicable cases on the subject matter. (CR 52-68).

Appellee filed suit on May 30, 2014, and Appellants filed a timely answer on June 30, 2014, asserting the affirmative defense that Appellee's claims are subject to a binding Arbitration Agreement. (CR 4 and 19-20). On July 8, 2014, Appellants sent Appellee notice of her acknowledgments and the Arbitration Agreement and attempted to move this matter to arbitration informally. (CR 22-23). After receiving notice of Appellee's refusal to consent to arbitration, Appellants filed their Motion to Compel Arbitration and Motion to Dismiss on July

19

23, 2014. (CR 21). Appellee has also propounded discovery upon Appellants, which Appellants have opposed given that the parties are not in the proper forum. On these facts, Appellee's waiver argument fails as a matter of law. *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 763 (no waiver where case litigated in court for 2 years, over $200,000.00 in fees expended during discovery, four depositions were noticed and one set of requests for production issued); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (filing an answer, sending written discovery, noticing a deposition, discussing a docket control order and agreeing to postpone trial did not constitute waiver). Given the relevant facts of this case, Appellee's assertion of waiver is unsupportable.

## 5. Appellee has failed to establish unconscionability as a defense.

Appellee presented vague arguments of unconscionability in her Response, but fails to provide any evidence in support of those allegations. (CR 52-68). Furthermore, review of applicable case law demonstrates that the Arbitration Agreement is not unconscionable. *See Diggs*, 551 Fed. Appx. at 765-66 (the Fifth Circuit confirmed that a similar version of the arbitration agreement at issue herein was not unconscionable, and that a valid and enforceable arbitration agreement existed between the parties).

First, while Appellee references several cases concerning arbitration fees, she does not argue or present evidence that she would incur excessive arbitration

costs in this matter that would render the Arbitration Agreement unconscionable. (CR 52-68). Alternatively, the Arbitration Agreement expressly states that the company will pay all filling fees, hearing fees, and arbitrator fees. (CR 36-40). In fact, Appellee admits that Appellants will bear the costs typically shared by the parties. (CR 61); *see D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 870 (Tex. App. – Houston [14th Dist.] 2006, no pet.) (finding the plaintiff's unconscionability argument moot because the employer agreed to pay all the costs associated with arbitration of their dispute); *see also Nabors Wells Servs., Ltd. v. Herrera*, 2009 WL 200987, at *6 (Tex. App. - Corpus Christi Jan. 27, 2009, no pet.) ("because the record contains no specific evidence that Herrera would actually be charged excessive arbitration fees, there is legally insufficient evidence that the arbitration agreement is unconscionable based on excessive costs."). Thus, Appellee's argument is wholly inappropriate because the fees are borne by OneMain. (CR 36-40).

Appellee also erroneously contends that the Arbitration Agreement deprives her of an equivalent and accessible forum to adjudicate her claims and is therefore unconscionable and unenforceable. (CR 62-64). The Corpus Christi Court of Appeals previously rejected this particular argument from Appellee's counsel. *See Nabors Wells Servs., Ltd.*, 2009 WL 200987, at *6-7. Further, Appellee's assertion finds no support in Texas case law because the Arbitration Agreement does not

limit Appellee's ability to pursue any statutory or common law rights or any remedies available under the law. *Id.* "An arbitration agreement covering statutory claims is valid so long as 'the arbitration agreement does not waive substantive rights and remedies of the statute and the arbitration procedures are fair so that the employee may effectively vindicate his statutory rights.'" *In re Poly-America, L.P.*, 262 S.W.3d 337, 352 (Tex. 2008) (*citing In re Haliburton*, 80 S.W.3d at 572). "'By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" *Id.*

The Arbitration Agreement in this case only requires the parties to submit claims within the scope of its coverage to binding arbitration. (CR 36-40). The Agreement does not eliminate any claims, causes of actions, or available damages. (CR 36-40). Thus, Appellee's claim that the Agreement deprives her of an equivalent and accessible forum fails, and the Agreement cannot be found unenforceable on that basis.

Despite unequivocal Texas case law on this issue, Appellee also maintains that the Arbitration Agreement is unconscionable because it deprives her of her right to a jury trial. Texas law does not prohibit a party from contractually waiving its constitutional right to a trial by jury. *In re Prudential Ins. Co. of Am.*, 148

22

S.W.3d 124, 132-33 (Tex. 2004). For this reason, again Appellee's argument is unsupportable as a matter of law.

**6. Appellee has failed to establish indefiniteness as a defense.**

Appellee presents no recognizable argument or precedent in her Response that would support her assertion that the Arbitration Agreement is unenforceable for alleged indefiniteness. (CR 61). The Texas Supreme Court has held that a contract need only be sufficiently definite in its <u>material</u> terms so that a court can understand what the parties agreed to. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). If evidence of all material terms of a contract is introduced, the contract is enforceable and will not fail for indefiniteness. *Id.* at 222. In reviewing an arbitration agreement, the Corpus Christi Court of Appeals found an arbitration agreement sufficiently definite as to its material terms when it identified the scope of the claims required to be submitted to arbitration, the parties bound by the agreement, the organization responsible for administering the arbitration and the applicable rules. *See Nabors Wells Servs., Ltd.*, 2009 WL 200987, at *5.

Appellee claims that the Agreement is indefinite in regards to the procedures to be used in conducting the arbitration, who will pay the arbitrator, rules of discovery, and whether the proceedings will be of record. (CR 61-62). The Agreement, however, expressly covers each of these alleged deficiencies. (CR 36-

40). In fact, the Arbitration Agreement goes into extensive details on these terms and several additional terms, including: initiation of proceedings; appointment of arbitrator(s); vacancies; proceedings; stenographic record; discovery; prehearing motions; evidence; fees and expenses; awards; enforcement of awards; expenses and fees; and additional terms. (CR 36-40). Therefore, Appellee's argument that the Arbitration Agreement is unenforceable due to indefiniteness fails as a matter of law.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants respectfully pray that this Honorable Court determine that the Trial Court abused its discretion and erred in denying their Motion to Compel Arbitration, reverse the Trial Court's Order, render an order compelling submission of this matter to arbitration pursuant to the terms of the Arbitration Agreement, and stay the underlying proceeding until the arbitration proceedings are completed. Appellants pray for such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,


*/s/ Lawrence D. Smith*
Lawrence D. Smith
State Bar No. 18638800
Larry.Smith@ogletreedeakins.com
Adam D. Boland
State Bar No. 24045520
Adam.Boland@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 E. Pecan Street
2700 Weston Centre
San Antonio, Texas 78205
210.354.1300 – Telephone
210.277.2702 – Facsimile

**ATTORNEYS FOR APPELLANTS
ONEMAIN FINANCIAL, INC. AND RAUL
RINCON**

## CERTIFICATE OF SERVICE

On this 21st day of May 2015, I electronically transmitted the foregoing pleading, using the electronic filing system, which will transmit a Notice of Electronic Filing to the following counsel of record:

Carlos E. Hernandez, Jr., P.C.
The Law Offices of Carlos E. Hernandez, Jr., P.C.
200 East Cano Street
Edinburg, Texas 78539
carlos.hernandezjr@att.net


/s/ Lawrence D. Smith
Lawrence D. Smith
Adam D. Boland


## CERTIFICATE OF COMPLIANCE

I hereby certify that I have reviewed the foregoing brief and concluded that the factual statements in the brief are supported by competent evidence included in the record. I further certify that the foregoing brief complies with Texas Rule of Appellate Procedure 9.4, and contains 5,158 words.


/s/ Lawrence D. Smith
Lawrence D. Smith / Adam D. Boland


21230297.1

26

# TAB 1

## CAUSE NO. <u>CL-14-2498-B</u>

| | | |
|---|---|---|
| AIDA FLORES,<br>　　　Plaintiff, | §<br>§<br>§ | IN COUNTY COURT |
| vs. | §<br>§ | AT LAW NO. 2 |
| ONEMAIN FINANCIAL, INC.<br>and RAUL RINCON,<br>　　　Defendants | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY LITIGATION

On this day, came to be heard DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY LITIGATION. The Court, having considered the Motion and Plaintiff's Response, is of the opinion that Defendant's Motion is without merit and therefore should be **DENIED.**

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO STAY LITIGATION is hereby **DENIED**.

SIGNED the __1__ day of __APRIL__, ~~2014~~ 2015.

_____
JUDGE PRESIDING

cc: Carlos E. Hernandez, Jr., **The Law Offices of Carlos E. Hernandez, Jr., P.C.,** 200 E. Cano St., Edinburg, Texas 78539-4510   E-mail: hernandezjrlawfirm@yahoo.com

Lawrence D. Smith, **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.,** 2700 Weston Centre, 112 E. Pecan Street, San Antonio, Texas 78205   E-mail: larry.smith@ogletreedeakins.com